**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**ABERDEEN DIVISION**

**LIBBY CAROL HARRIS**                                                        **PLAINTIFF**

**V.**                                                      **NO. 1:14CV00073-SA-JMV**

**CAROLYN W. COLVIN,**
**Acting Commissioner of Social Security**                         **DEFENDANT**

**FINAL JUDGMENT**

This cause is before the court on Plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration denying claims for a period of disability and Disability Insurance Benefits and Supplemental Security Income. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The court, having reviewed the administrative record, the briefs of the parties, and the applicable law and having heard oral argument, finds as follows, to-wit:

Consistent with the court's ruling from the bench following the parties' oral argument, the court finds the ALJ's RFC determination is not supported by substantial evidence in the record. First, the ALJ failed to properly consider limitations associated with Plaintiff's uncontrolled diabetes, bilateral radial sensory neuropathies, and carpel tunnel syndrome ("CTS"). The ALJ found that neither Plaintiff's CTS nor her "alleged" diabetic neuropathy were proven by nerve conduction studies. However, the record shows that in 2008 ALJ Shilling determined that Plaintiff's "bilateral radial sensory neuropathies" and mild CTS (both documented by nerve conduction studies) constituted severe impairments. Moreover, Dr.

Brandon's findings of weakness in the hands and "distal impaired sensation in the feet and lower legs" were not shown to be contradicted by any evidence in the record. Indeed, the vocational expert testified that "significant" reduction in grip or gross motor skills would "impact" Plaintiff's ability to perform the jobs he listed.

Second, while the ALJ noted Plaintiff's primary impairment was pyloric stenosis and found the condition was severe and not controlled, he nevertheless determined the condition was "controllable"–despite an uncontradicted prognosis of surgery needed in the future– and failed to account for it in the RFC determination. Moreover, the claimant testified (and hospital records documented) the condition had caused repeated episodes of constant nausea and vomiting for more than three years. What is more, the vocational expert testified that "frequent periods of being off task [if needed for repeated bathroom breaks due to vomiting]" combined "with vomiting or nausea . . . would significantly impact a person's ability to sustain" the jobs he proffered.

On remand, the ALJ shall:

1. Reconsider the extent of the claimant's CTS and uncontrolled diabetes. If necessary, the ALJ shall obtain a medical source statement and/or order a consultative examination.

2. Reconsider the claimant's RFC, which shall include, for each of the claimant's impairments, specific findings regarding all functional limitations associated with the impairment. This requirement includes, but is not limited to, a determination of the extent of any interruptions in work each limitation will occasion and whether the claimant will be able to work on a "sustained basis."

3.  Obtain additional vocational expert testimony, if necessary, regarding the claimant's ability to work and maintain employment.

4.  The ALJ shall conduct any additional proceedings not inconsistent with this order.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that this case is **REVERSED** and **REMANDED** for further proceedings.

This, the 10th day of November, 2014.

/s/ Jane M. Virden
U. S. MAGISTRATE JUDGE