# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### ABERDEEN DIVISION

LIBBY CAROL HARRIS                                                    PLAINTIFF

V.                                                      NO. 1:14CV00073-SA-JMV

CAROLYN W. COLVIN,
**Acting Commissioner of Social Security**                            DEFENDANT

## ORDER ON PETITION FOR ATTORNEY'S FEES

Before the court is Plaintiff's petition [20] for attorney's fees pursuant to the Equal

Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  In these proceedings Plaintiff sought

judicial review of the Social Security Commissioner's final decision denying a claim for

benefits.  By Judgment [17] dated November 10, 2014, this court remanded this case to the

Commissioner for further proceedings.  Plaintiff now seeks attorney's fees in the amount of

$7,040.83, representing 37.10 hours of attorney time at a rate of $189.78 per hour and $264.32 in

travel mileage expenses on the grounds that she was the prevailing party and the Commissioner's

position was not "substantially justified."  The Commissioner does not object to the request for

fees and expenses.  Nevertheless, for the reasons that follow, the court is of the opinion that the

amount requested should be slightly reduced.

In the case of *Fowler v. Colvin*, Cause No. 4:14cv39-JMV, this court determined that of

the two indices (national and regional) offered for the purpose of calculating the cost-of-living

adjustment ("COLA") under the EAJA, the "South urban" index, the regional index, better

reflected the cost-of-living increase for the locale where the litigation occurred, Mississippi.

Here, Plaintiff's counsel's calculation of fees is based on an adjusted statutory hourly rate set by

the Ninth Circuit Court of Appeals. This rate, however, is ultimately based on figures taken from the national index. Because the litigation in this case took place in Mississippi, and for the sake of consistency, the court finds the regional index is more appropriate for calculation of the COLA.

According to the regional index–published by the Bureau of Labor Statistics on its website–the CPI for the South urban region was 152.4 in March 1996. The average regional CPI figure for the months in 2014 when counsel performed most of his work on this case (July - November) is 231.272. This is an increase of approximately 52 percent since March 1996 and, therefore, represents a significant increase in the cost of living which justifies an increase in the hourly rate for attorney's fees. Ultimately, this increase in the EAJA's statutory rate of $125 yields an adjusted hourly rate of $189.69 in this case (231.272 x125/152.4). Therefore, counsel is entitled to no more than $7,037.50 for 37.10 hours of work performed in 2014. The court finds this amount is reasonable and does not exceed market rate attorney's fees.

**THEREFORE, IT IS ORDERED**:

That the Commissioner shall promptly pay to Plaintiff a total of $7,301.82 in attorney's fees and expenses for the benefit of counsel for Plaintiff.

This, 30th day of December, 2014.

/s/ Jane M. Virden
U. S. MAGISTRATE JUDGE